ARCHER & GREINER, P.C.
3040 Post Oak Blvd, Suite 1800-150
Houston Texas 77056
Phone: (713) 970-1066
Fax: (713) 583-9518
*Attorneys for Defendants Talaria Power Tech (HongKong) Co., Ltd.*
*and Tanli Power Technology (Chongqing) Co., Ltd.*

By: Richard P. Gilly, Esquire (No. 24134234, rgilly@archerlaw.com)
    Jiangang Ou, Esquire (No. 24127006, jou@archerlaw.com)
    Tanneika Minott, Esquire (admitted *pro hac vice*, tminott@archerlaw.com)

| | |
|---|---|
| CHONGQING QIULONG TECHNOLOGY CORPORATION LIMITED DBA SURRON,<br><br>            Plaintiff,<br><br>v.<br><br>TANLI POWER TECHNOLOGY (CHONGQING) CO., LTD and TALARIA POWER TECH (HONGKONG) CO., LTD,<br><br>            Defendants. | UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS AUSTIN DIVISION<br><br><br>No. 1:23-CV-442-RP |

## DEFENDANTS' MOTION TO STAY

Defendants, Talaria Power Tech (HongKong) Co., Ltd. ("Talaria") and Tanli Power Technology (Chongqing) Co., Ltd. ("Tanli") (collectively, "Defendants"), by and through their attorneys, hereby file this Motion to Stay, and in support thereof, state as follows:

## I.    INTRODUCTION

Plaintiff has filed a complaint against Defendants alleging that Defendants infringed on its design patent. However, Defendants contend that Plaintiff's claims are invalid and have, accordingly, filed a Request for Ex Parte Reexamination with the United States Patent and Trademark Office ("USPTO"). Defendants now move to stay the present litigation to avoid wasting judicial resources and to protect the parties from needlessly incurring significant attorney's fees litigating claims that may ultimately be rejected by the USPTO. Given that this

case is still in its infancy, and rather than requiring the parties to engage in discovery and unnecessary briefing, this Court should exercise its inherent authority to stay the proceedings pending a decision on Defendants' pending Request for Ex Parte Reexamination.

## II.   FACTS AND PROCEDURAL HISTORY

On April 19, 2023, Plaintiff, Chongqing Qiulong Technology Corporation Limited d/b/a Surron ("Surron"), filed a Complaint against Defendants alleging one count for infringement of the '456 Design Patent.  [See Docket at No. 1.]  On September 26, 2023, Defendants filed their Answer, Affirmative Defenses, and Counterclaim to Plaintiff's Complaint.  [See Docket at No. 27.]

On October 3, 2023, Defendants filed a Request for Ex Parte Reexamination of the '456 Design Patent with the USPTO.  [Certification of Richard P. Gilly, Esq. ("Gilly Cert."), at ¶ 2.]  In particular, Defendants asserted that the claim of the '456 Design Patent is invalid because it is anticipated by or obvious from one or more prior art references not previously considered by the USPTO.  [Id.]

On October 6, 2023, counsel for the parties participated in a telephonic meet-and-confer pursuant to Rule 26(f).  [Id. at ¶ 3.]  During the conference, counsel for Defendants proposed postponing all deadlines related to the *Markman* Hearing until after the USPTO makes its decision regarding whether to grant or deny the request for reexamination.  [Id. at ¶ 4.]  During the meet-and-confer—and subsequently thereafter via email—counsel for Plaintiff rejected counsel for Defendants' proposal to postpones deadlines related to the *Markman* Hearing.  [Id. at ¶ 5.]  On October 19, 2023, Defendants filed the instant Motion to Stay.

III.    **ARGUMENT**

A.    <u>Standard of Review</u>

A district court has the inherent power to control its own docket, including the power to stay proceedings before it.  <u>Clinton v. Jones</u>, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").  The court has discretion in deciding whether to stay a case in PTO proceedings, including *ex parte* reexaminations.  <u>TC Tech. LLC v. T-Mobile USA, Inc.</u>, No. 6:20-CV-00899, 2021 WL 8083373, at *1 (W.D. Tex. Dec. 7, 2021).  A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." <u>NFC Tech. LLC v. HTC Am., Inc.</u>, No. 2:13-CV-01058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015).

Moreover, a stay may be justified even where the USPTO has not yet decided on whether to grant a request for reexamination.  See <u>VirtualAgility Inc. v. Salesforce.com, Inc.</u>, 759 F.3d 1307, 1315-16 (Fed. Cir. 2014) (noting that, although a request for stay might be stronger after the PTO has granted the requested review, **it is not clear error for courts to consider the motion prior to the request being granted**) (emphasis added); <u>Yogitoes, LLC v. We Are Yoga, Inc.</u>, No. 614CV2040ORL41KRS, 2015 WL 12838991, at *1 (M.D. Fla. Nov. 10, 2015) (Disagreeing with Plaintiff's argument that motion to stay premature because PTO had not yet granted reexamination. In making its decision, the court noted "**[i]t is within the discretion of the Court to grant a stay while the PTO considers a party's request to initiate an ex parte reexamination**." Due to the fact that deadlines regarding claim construction were approaching and Defendant had presented evidence that a decision on its requests would be forthcoming prior to the claim construction briefing deadline, the Court found that it would be a better use of resources to stay the litigation, rather than wait until claim construction briefing had been completed.) (emphasis added);

Honeywell Int'l, Inc. v. Furuno Elec. Co., No. CIV. 09-3601, 2010 WL 3023529, at *3 (D. Minn. July 30, 2010) (holding that a motion to stay pending ex parte reexamination was not premature where request had not yet been granted, as it was "highly likely that the requests will be granted, since 92% of such ex parte requests are granted"); Pactool Int'l Ltd. v. Dewalt Indus. Tool Co., No. C06-5367BHS, 2008 WL 312677, at *2 (W.D. Wash. Feb. 1, 2008) (granting stay before USPTO decision on whether to reexamine issued); Klein v. Cultured Gourmet, LLC, No. 17-CV-05034-PJH, 2017 WL 10456187, at *2 (N.D. Cal. Nov. 13, 2017) ("The court is also hard-pressed to find any prejudice. As discussed above, with respect to both the timing of the reexamination request and this motion to stay, Gourmet acted expeditiously. Further, while the PTO has not yet granted Gourmet's reexamination request, any potential prejudice is mitigated by the fact that the PTO must decide [within 3 months], whether it will initiate reexamination."); Pragmatus AV, LLC v. Facebook, Inc., No. 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) ("It is not uncommon for [ ] court[s] to grant stays pending reexamination prior to the PTO deciding to reexamine the patent.").

"In determining whether a stay pending a PTO proceeding is proper, a district court will consider three factors: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." TC Tech. LLC, 2021 WL 8083373 at *2. "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." EchoStar Techs. Corp. v. TiVo, Inc., No. 5:05-CV-00081, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

Here, a stay of this litigation is warranted based on the relevant factors.

B.      A Stay would not Unduly Prejudice Plaintiff

Although a patent holder has a general interest in the timely enforcement of its patent rights, that factor is not dispositive.  See Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc., No. 6:20-CV-00317-ADA, 2021 WL 4555610, at *2 (W.D. Tex. Oct. 5, 2021); see also TC Tech. LLC v. Sprint Corp., No. CV 16-153-WCB, 2021 WL 4521045, at *9 (D. Del. Oct. 4, 2021) (recognizing that a party's interest "in the prompt enforcement of its patent rights . . . is present in every case in which a patentee resists a stay, and it is therefore insufficient, standing alone, to defeat a stay motion."); Everett Lab'ys, Inc. v. River's Edge Pharms., LLC, No. CIV.A. 09-3458 (JLL), 2009 WL 4508584, at *3 (D.N.J. Nov. 24, 2009) ("[D]elay, alone, is not dispositive on the issue of prejudice, particularly given that such delay is common to all stayed cases."); SKF Condition Monitoring, Inc. v. SAT Corp., No. 07CV1116BTMNLS, 2008 WL 706851, at *6 (S.D. Cal. Feb. 27, 2008) ("[T]he delay inherent in the reexamination process 'does not constitute, by itself, undue prejudice.'"); Nanometrics, Inc. v. Nova Measuring Instruments, Ltd., No. C 06-2252SBA, 2007 WL 627920, at *3 (N.D. Cal. Feb. 26, 2007) ("Mere delay, without more though, does not demonstrate undue prejudice."); Alza Corp. v. Wyeth, No. CIV.A. 9:06-CV-156, 2006 WL 3500015, at *1 (E.D. Tex. Nov. 21, 2006) ("Reexamination does not threaten protracted or indefinite delay.").

In determining whether a party will be prejudiced by a stay, many courts consider both the timing of the reexamination request as well as the timing of the request for stay.  See Apple Inc. v. IXI IP, LLC, No. 19-CV-06769-HSG, 2021 WL 389214, at *3 (N.D. Cal. Jan. 26, 2021); Digital Ally, Inc. v. Taser Int'l, Inc., No. 16-CV-2032-CM-TJJ, 2017 WL 5517522, at *5 (D. Kan. Nov. 17, 2017); Think Prod., Inc. v. ACCO Brands Corp., No. CV146659KAMSIL, 2015 WL 13955492, at *2 (E.D.N.Y. June 19, 2015); Rensselaer Polytechnic Inst. v. Apple Inc., No. 1:13-CV-0633 DEP, 2014 WL 201965, at *4 (N.D.N.Y. Jan. 15, 2014); Arkema Inc. v. Honeywell Int'l,

<u>Inc.</u>, No. 10-CV-2886, 2013 WL 5356844, at *3 (E.D. Pa. Sept. 25, 2013); <u>ImageVision.Net, Inc.</u> <u>v. Internet Payment Exch., Inc.</u>, No. CA 12-054-GMS-MPT, 2013 WL 663535, at *5 (D. Del. Feb. 25, 2013).  Here, Defendants filed their Request for Ex Parte Reexamination within one week of filing their Answer, and filed the present motion to stay two weeks later, after learning that Plaintiff is unwilling to postpone deadlines related to the *Markman* Hearing.  Moreover, Defendants have not otherwise delayed these proceedings or taken any action that would indicate that they are attempting to gain a tactical advantage.

In contrast to the lack of prejudice to Plaintiff, Defendants would suffer undue prejudice in the absence of a stay.  To be sure, Defendants have filed the instant motion in the interest of judicial economy and to avoid incurring burdensome costs associated with needless discovery as well as *Markman* briefing. Accordingly, this factor weighs in favor of a stay.

     C.    <u>This Case is still in its Early Stages</u>

When "[l]ittle-to-no judicial resources have been expended," this factor favors granting a motion to stay.  <u>Xylon Licensing LLC v. Lone Star Nat'l Bancshares-Tex., Inc.</u>, No. 6:21-CV-00302-ADA, 2022 WL 2078030, at *3 (W.D. Tex. June 8, 2022).  Courts consider "whether the litigation has reached an advanced stage, including whether discovery is complete and a trial date has been set."  <u>Id.</u> at *2; <u>see also</u> <u>Polaris Powerled Techs., LLC v. Dell Techs. Inc.</u>, No. 1:22-CV-0973-RP, 2023 WL 5282381, at *4 (W.D. Tex. Aug. 15, 2023) (finding that staying case would "conserve [] the Court's and the parties' resources" where (1) the only discovery that occurred was the exchange of initial infringement and invalidity contentions, (2) the parties had not exchanged proposed claim constructions or filed any *Markman* briefs, and (3) the court had not issued a scheduling order or set a trial date); <u>UNM Rainforest Innovations v. ZyXEL Commc'ns Corp.</u>, No. 6:20-CV-00522-ADA, 2023 WL 2706903, at *4 (W.D. Tex. Mar. 29, 2023) (staying case where *Markman* hearing had not yet occurred); <u>Anza Tech., Inc. v. Avant Tech., Inc.</u>, No. A-17-

CV-01193-LY, 2018 WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018) (staying case where no discovery had commenced nor trial date been set).

This case is still in its infancy.  Not only has no discovery—of any kind—been shared between the parties, the *Markman* process has not begun.  As such, staying the case would "conserve [] the Court's and the parties' resources."  See Polaris, 2023 WL 5282381, at *4. Accordingly, this factor weighs heavily in favor of a stay.

D.    A Stay will simplify the Issues

In NFC Tech, the court noted that the most important factor bearing on whether to grant a stay in a case is the prospect that the *ex parte* reexamination proceeding will result in simplification of issues before the Court.  2015 WL 1069111 at *5 (citing In re Etter, 756 F.2d 852, 857 (Fed. Cir. 1985) ("When [a] patent is concurrently involved in litigation, an auxiliary function is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration.")).

If Plaintiff's design patent claim is invalidated, that would fully resolve this case.  See Fresenius USA, Inc. v. Baxter Int'l, Inc., 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot.").  This is "the ultimate simplification of issues." VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1314 (Fed. Cir. 2014); see also Polaris, 2023 WL 5282381, at *3 ("Although discovery, construction, and other procedures before the district court may proceed in a largely similar manner regardless of the PTO's ongoing analysis of the additional claims, the undersigned finds that the likelihood of cancellation or modification of most or all the claims validates the simplification of the proceedings by issuance of a stay."); TC Tech. LLC, 2021 WL 8083373, at *3 ("[A] stay by this Court while allowing the reexamination to proceed may eliminate the need for trial entirely."); AGIS Software Dev. LLC v. Google LLC,

No. 2:19-CV-00359-JRG, 2021 WL 465424, at *1 (E.D. Tex. Feb. 9, 2021) (staying litigation and explaining: "where the . . . PTO has granted EPR[]s as to all claims of all asserted patents, this Court has likewise routinely stayed cases."); Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc., No. 2:19-CV-00225-JRG, 2021 WL 121154, at *2 (E.D. Tex. Jan. 13, 2021) (staying case on eve of trial after initial office action because "the asserted claims that have been rejected in the reexamination proceedings are almost surely to be modified in some material way in response to their rejection, and they may be dropped completely").

Even if Plaintiff's design patent claim is not invalidated, staying this litigation would allow this Court to benefit from the expertise of the PTO.  See Polaris, 2023 WL 5282381, at *3 ("[T]he district court's Markman process would be simplified by any claim construction or other analysis conducted by the PTO."); Anza Tech., Inc., 2018 WL 11314191, at *2 ("If . . . the PTAB determines to initiate inter partes review of [Plaintiff's] patent[s], and if some of the asserted claims survive that review, then statements and reasoning by the PTAB may be persuasive as this court construes the parties' disputed claim terms. The court concludes that **whatever occurs at the PTAB will potentially be helpful to the court in construing the parties' disputed claim terms**.") (emphasis added).

A review of the most recent PTO statistics shows that it is highly likely that reexamination will result in simplification of the issues in this case.  The most recent PTO statistics confirm that an overwhelming 92% of reexamination requests are granted by the PTO.  [Gilly Cert. at ¶ 6.] Thus, in this case, the request seeking reexamination of the claim of the '456 Design Patent presents a significant likelihood of materially simplifying the case and may entirely eliminate the issues for trial altogether.  Accordingly, this factor weighs in favor of a stay.

## IV.    <u>CONCLUSION</u>

For the reasons stated above, Defendants' motion should be granted and this matter should be stayed pending a decision on Defendants' pending Request for Ex Parte Reexamination of the '456 Design Patent with the USPTO.

Respectfully submitted,

*/s/ Richard P. Gilly*
Richard P. Gilly, Esquire (No. 24134234)
Jiangang Ou, Esquire (No. 24127006)
Tanneika Minott, Esquire (admitted *pro hac vice*)
*Attorneys for Defendants Talaria Power Tech (HongKong) Co., Ltd. and Tanli Power Technology (Chongqing) Co., Ltd.*

Dated:  October 19, 2023