# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **CHONGQING QUILONG TECHNOLOGY CORPORATION LIMITED, d/b/a SURRON,** *Plaintiff* | § § § § § | |
| **v.** | § § | **No. 1:23-CV-00442-RP** |
| **TANLI POWER TECHNOLOGY (CHONGQING) COMPANY, LIMITED, ET AL.,** *Defendants* | § § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendants' Motion to Dismiss, Dkt. 57, and all related briefing. Defendants argue that Plaintiff's patent infringement suit should be dismissed on the grounds of *forum non conveniens* and international abstention, pointing to parallel patent litigation in China. After reviewing the filings and the relevant case law, the undersigned recommends that the District Judge deny Defendants' motion.

## I.       BACKGROUND

Plaintiff Chongqing Quilong Technology Corporation, doing business as Surron ("Surron"), sued Tanli Power Technology Company ("Tanli") and Talaria Power Tech Company ("Talaria") for their alleged patent infringement under 35 U.S.C. § 271, et seq. Dkt. 1, at 1. Surron alleges that Tanli and Talaria have manufactured,

1

distributed, promoted, used, sold, and imported products infringing Surron's United States patent on the "Light Bee," an electric motorcycle. *Id.* at 3, 5, 8. Surron's complaint alleges infringement only in the United States. *Id.* at 5, 11.

Surron is an electric motorcycle manufacturer with operations based in Chongqing, China and Hangzhou, China. *Id.* at 3. It utilizes United States distributors and dealers to sell its motorcycles in the United States. *Id.* at 3. Surron is the sole owner of all rights to the Light Bee patent, D854,456. *Id.* at 4. Terminated Surron employees Shiguang Wang and Jun Ye founded Tanli and Talaria, which also manufacture electric motorcycles. *Id.* at 4. Tanli and Talaria are organized under the laws of China and Hong Kong, respectively. Dkt. 57-3, at 2-3. Surron's complaint alleges that after Surron fired Mr. Wang and Mr. Ye for engaging in competition with Surron, Mr. Wang and Mr. Ye took their "critical knowledge" of Surron's motorcycle design and supply chain and used that knowledge to build Tanli and Talaria. Dkt. 1, at 5.

Based on Defendants' alleged infringement, Surron brings one count of patent infringement against Defendants, seeking injunctive and monetary relief. *Id.* at 11, 14-15. Defendants moved to dismiss this case on the grounds of *forum non conveniens* and international abstention, asserting that this case should be tried in China. Dkt. 57.

After filing this case, Surron sued Tanli (but not Talaria) in China for infringement of the Chinese patent that provided priority for the United States Light Bee design. Dkt. 57-2, at 2. Defendants state that the Chinese action has been tried

on the merits and is now awaiting a final ruling from that court. Dkt. 57, at 1-2; *see also* Dkt. 57-2, at 3.

## II.    LEGAL STANDARDS

### A.    Forum Non Conveniens

A court has discretion to dismiss a case under *forum non conveniens* when a foreign court provides the more appropriate and convenient forum. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007). Defendants bear the burden of proof as to all elements of the *forum non conveniens* analysis. *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007). Namely, a defendant must provide enough information for the court to balance the parties' interests. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981). However, defendants need not identify with specificity the evidence they would not be able to obtain if trial were held in the United States. *Id.*

There is ordinarily a strong presumption in favor of plaintiff's chosen forum. *Id.* at 255. "Unless the private- and public-interest factors 'strongly' favor the defendant's proposed forum, 'the plaintiff's choice of forum should rarely be disturbed.'" *Tellez v. Madrigal*, 223 F. Supp. 3d 626, 634 (W.D. Tex. 2016) (quoting *DTEX*, 508 F.3d at 795).

To obtain dismissal on *forum non conveniens* grounds, a defendant must first demonstrate "the existence of an available and adequate alternative forum." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003); *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1165 (5th Cir. 1987) (stating that a

defendant bears the burden of invoking the doctrine), *vacated*, *Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989), *reinstated in pertinent part*, 883 F.2d 17 (5th Cir. 1989). A foreign forum is "available" if "the entire case and all parties can come within its jurisdiction." *Vasquez*, 325 F.3d at 671. A foreign forum is "adequate" if "the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *In re Air Crash*, 821 F.2d at 1165 (internal citation omitted). Dismissal on *forum non conveniens* grounds is inappropriate "where the alternative forum does not permit litigation of the subject matter of the dispute." *Piper Aircraft*, 454 U.S. at 254 n.22.

After a court determines that there is an available and adequate alternative forum, a defendant must demonstrate "that the balance of relevant private and public-interest factors favor dismissal," beginning with the private-interest factors. *Vasquez*, 325 F.3d at 671; *In re Air Crash*, 821 F.2d at 1165 (stating that after determining that a foreign forum is available and adequate, a court should then consider the private-interest factors). Private-interest factors include "the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; the possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Vasquez*, 325 F.3d at 672 (citing *McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 424 (5th Cir. 2001)).

If a court determines that the private-interest factors do not weigh in favor of dismissal, it must consider the public-interest factors. *In re Air Crash*, 821 F.2d at 1165. Public-interest factors include "administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Vasquez*, 325 F.3d at 673 (citing *McLennan*, 245 F.3d at 424).

### B.    International Abstention

Abstention is an "extraordinary and narrow" exception to federal courts' duty to adjudicate controversies properly before them. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813 (1976). In limited circumstances, international abstention allows courts to abstain from exercising jurisdiction over United States proceedings to accommodate parallel litigation in a foreign forum. *Turner Entm't Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1518 (11th Cir. 1994).[1]

---

[1] Surron asserts Defendants' claim regarding international abstention should fail because abstention is not available in actions for damages. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996) (holding that federal courts may dismiss suits seeking equitable or other discretionary relief based on abstention but emphasizing that abstention principles do not support dismissal or remand of damages actions). While the Fifth Circuit has been silent on this point, the Eleventh Circuit has held that *Quackenbush* "does not reach the doctrine of international abstention." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999). Further, Surron seeks both damages and equitable relief. Dkt. 1, at 14-15. Therefore, Defendants' international abstention argument does not fail because Surron seeks damages.

While courts have adopted varied approaches to international-abstention analysis, they generally emphasize respect for foreign jurisdictions, fairness to litigants, and judicial efficiency. *Id.* As articulated in *Turner*, some courts apply the *Colorado River* abstention criteria to the international context. 25 F.3d at 1518; *see Colorado River*, 424 U.S. at 818-19 (describing abstention factors); *Ingersoll Milling Mach. Co. v. Granger*, 833 F.2d 680, 685 (7th Cir. 1987) (using the *Colorado River* factors to "guide" the court's evaluation of the international abstention claim).[2] Other courts have considered five factors in evaluating international abstention: "(1) the similarity of the parties and issues; (2) promotion of judicial efficiency; (3) the adequacy of relief in the alternative forum; (4) considerations of fairness and prejudice to parties; and (5) the temporal sequence of filing." *Anderson-Tully Lumber Co. v. Int'l Forest Prods., S.r.L*, No. CIVA505CV68, 2007 WL 2872413, at *6 (S.D. Miss. Sept. 26, 2007) (citing *Caspian Invs., Ltd. v. Vicom Holdings Ltd.*, 770 F. Supp. 880, 884 (S.D.N.Y. 1991)).

The Fifth Circuit has not adopted any particular approach. *See Anderson-Tully Lumber Co. v. Int'l Forest Prods., S.r.L*, 306 F. App'x 858, 861 (5th Cir. 2009) (affirming the District Court's dismissal on *forum non conveniens* grounds and noting that the District Court did not abuse its discretion in finding that "international comity" favored dismissal). Defendants proffer the test developed in *Caspian Invs*. *Anderson-Tully*, 2007 WL 2872413, at *6 (citing *Caspian Invs.*, 770 F. Supp. at 884).

---

[2] As described in *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, the *Colorado River* factors include "the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums." 460 U.S. 1, at 15-16 (1983).

Because of this, and because there is considerable overlap in the tests, the undersigned will apply the *Caspian* test.

### III.    DISCUSSION

#### A.    Forum Non Conveniens

Defendants argue that the inconvenience of litigating this action in Texas merits dismissal on *forum non conveniens* grounds. Dkt. 57, at 2. As noted above, to prevail under *forum non conveniens*, Defendants must demonstrate that the Chinese forum is "available" and "adequate." A foreign forum is "available" if "the entire case and all parties can come within its jurisdiction." *Vasquez*, 325 F.3d at 671. A foreign forum is "adequate" if "the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *In re Air Crash*, 821 F.2d at 1165 (internal citation omitted). If Defendants succeed in showing that the Chinese forum is both "available" and "adequate," they must also show that the private- and public-interest factors weigh in favor of dismissal.

#### 1.    Availability

Defendants have not met their burden to show that the Chinese forum is "available." With respect to availability of the Chinese tribunal, Defendants assert that the Chinese court can exercise jurisdiction over all parties. Dkt. 57, at 3; *see Vasquez*, 325 F.3d at 671 (holding that a foreign forum is available if "the entire case and all parties can come within its jurisdiction"). In support of their contention, Defendants, through affidavits of their attorneys, point out that Surron and Tanli are organized under the laws of China. Dkt. 57, at 3; Dkt. 57-3, at 2-3. They add that

while Talaria is organized under the laws of Hong Kong, Talaria is "amenable to process" in China and "will not contest jurisdiction" should this case be moved to China. Dkt. 57, at 3, 7; *see also* Dkt. 57-3, at 3.

Other than their attorneys' assertions, Defendants allege no facts supporting their contention that a Chinese court could exercise jurisdiction over Talaria as a Hong Kong company. Dkt. 57, at 3. Some courts have accepted a defendant's consent to jurisdiction in a foreign forum as evidence that the foreign forum is available when combined with other evidence supporting jurisdiction. *See, e.g.*, *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 803 (7th Cir. 1997). However, even if the Court took at face value Defendants' implication that Chinese law would recognize their consent, Defendants have not offered any evidence that a Chinese court could exercise jurisdiction over a United States patent case. Defendants' claim that Talaria and Tanli are "amenable to process" in China similarly fails to address whether a Chinese court could hear this case. Dkt. 57, at 7. Defendants do not provide enough information for the undersigned to balance the parties' interests on the issue of availability. *Piper Aircraft*, 454 U.S. at 258. Defendants thus fail to show that a Chinese court could exercise jurisdiction over "the entire case and all parties." *Vasquez*, 325 F.3d at 671.

### 2.    Adequacy

Defendants have not met their burden to show that the Chinese forum is "adequate." With respect to adequacy, Defendants argue that China has a "well-developed legal system" with procedural safeguards similar to those offered by United States courts. Dkt. 57, at 6. Pointing to Surron's own use of the Chinese courts to

litigate its *Chinese* patent, Defendants argue that the Chinese legal system "recognizes and protects" intellectual-property rights and is therefore adequate to litigate Surron's *American* patent. *Id.* at 7.

Regardless of the procedural treatment this case would receive in a Chinese court, Defendants have not proffered any case law or authority that would permit a Chinese court to decide a claim, like Surron's, arising under United States patent law. *See Piper Aircraft*, 454 U.S. at 254 n.22 (stating that "dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute"); *Int'l Bus. Machs. Corp. v. LzLabs GMBH, et al.*, No. 6:22-cv-00299, Dkt. 87 (W.D. Tex. Jan. 5, 2023) (order denying motion to dismiss based on *forum non conveniens*). In other words, Defendants do not show that Surron will not be "deprived of all remedies" associated with its United States patent if this case is dismissed in favor of the Chinese litigation. *In re Air Crash*, 821 F.2d at 1165.

The Federal Circuit considered a similar set of circumstances in the patent case *Halo Creative & Design Ltd. Comptoir Des Indes Inc.*, 816 F.3d 1366, 1372 (Fed. Cir. 2016). In that case, Halo, a Hong Kong company, owned a collection of United States patents, copyrights, and trademarks. *Id.* at 1367. Halo sued Comptoir, a Canadian company, for infringement of its United States intellectual property rights in Illinois. *Id.* at 1368. Comptoir moved to dismiss on *forum non conveniens* grounds, alleging that Canada would be a superior forum and that Halo would have a remedy in Canadian court. *Id.* The District Court granted the motion. *Id.* at 1367. The Federal Circuit reversed, emphasizing Comptoir's failure to present any evidence that the

Canadian court could hear a case based on extraterritorial patent infringement, or infringement of United States intellectual-property rights occurring entirely in the United States. *Id.* at 1371. To support its argument that Halo would have a remedy in Canadian court, Comptoir submitted only a webpage showing that Canadian federal courts could exercise jurisdiction over intellectual property disputes in Canada. *Id.* at 1372.

As in *Halo*, there is no record that Surron's United States patent was infringed in the foreign forum, China. *Id.* Nor do Defendants offer any evidence that a Chinese court could or would enforce a United States patent. *Id.* (holding that defendants' showing that a Canadian court *could* adjudicate intellectual property disputes "demonstrates nothing more than the unremarkable proposition that the Federal Court of Canada has jurisdiction over Canadian intellectual property disputes"). And, as the Federal Circuit in *Halo* pointed out, the "policies underlying United States … patent … laws would be defeated" if the patent-holder were denied a domestic forum without a "sufficient showing of the adequacy of the alternative foreign jurisdiction." *Halo*, 816 F.3d at 1373.

The undersigned is not persuaded by Defendants' attempts to distinguish this reasoning. First, Defendants note that unlike the parties in *Halo*, both Plaintiff and Defendants are Chinese companies with operations based in China. Dkt. 68, at 4. And Defendants point to the fact that Plaintiff has already filed patent litigation on related Chinese patents in China. *Id.* at 4-5. But neither of these arguments addresses the core concern here—that Plaintiff here has the right to pursue its rights

in its *American* patents here in an *American* court. Because Defendants have not shown that the Chinese forum is adequate to vindicate these rights, their motion to dismiss on *forum non conveniens* grounds should be denied.

### 3.    Private-Interest Factors

As noted above, the Court need only reach these factors if Defendants carry their burden to show that the alternative forum is available and adequate, a threshold the undersigned concludes Defendants have not met. Nonetheless, while not necessary for the disposition of this case, an analysis of the private-interest factors also counsels denial. The private-interest factors include "the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; the possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Vasquez*, 325 F.3d at 672 (citing *McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 424 (5th Cir. 2001)).

Significant key evidence in this case is in the possession of Surron's United States-based distributor and its executive. Dkt. 64, at 10, 11. While, as Defendants claim, there may be important witnesses and documents in China, Surron alleges infringement only in the United States. Dkt. 57, at 9; Dkt. 1, at 5, 11. It is difficult to see how dismissing this case in favor of the Chinese litigation would allow for the more convenient disposition of Surron's United States-based claims.

Defendants further argue that a majority of the witnesses and documents in this action are located in China, but they do not identify those witnesses or documents. Dkt. 57, at 9. While Defendants need not identify this evidence with specificity, their bare assertions that the Chinese evidence is unobtainable in the United States rings hollow. *See Piper Aircraft*, 454 U.S. at 258 (holding that it is not necessary for defendants seeking *forum non conveniens* dismissal to "describe with specificity the evidence they would not be able to obtain if trial were held in the United States"). Ostensibly, Defendants refer to their own employees, including Shiguang Wang and Jun Ye, and their own documents. Dkt. 68, at 6; *id.* at 7 ("Given that these documents go to the heart of Defendants' business, and Defendants are only based in China, it follows that virtually every single document requested is located in China and written in Mandarin Chinese."). If so, those employees and documents will be available in court in Austin. *Raytheon Eng'rs & Constructors, Inc. v. HLH & Assocs. Inc.*, No. 97-20187, 1998 WL 224531, at *5 (5th Cir. Apr. 17, 1998) (per curiam) (reasoning that because "most if not all" of Defendants' witnesses abroad were its employees, those employees would be "readily available to attend court"). Further, "[t]o the extent translation is considered a significant obstacle in this day and age, that obstacle will exist regardless of where this case is tried." *Shi v. New Mighty U.S. Tr.*, 918 F.3d 944, 951 (Fed. Cir. 2019). Given their way, Defendants would have a Chinese court litigate the infringement of an American patent that occurred on American soil. Such a proceeding would also require extensive translation.

Similarly, as to Defendants' argument that this Court could not compel the testimony of unwilling witnesses, Defendants are able to produce their own employees as witnesses. *See Raytheon*, 1998 WL 224531, at *5 (reasoning that a defendant can make its own employees available in court). The private-interest factors therefore counsel against dismissal.

### 4. Public-Interest Factors

Finally, the public-interest factors likewise weigh against dismissal. As stated above, the public-interest factors include "administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Vasquez*, 325 F.3d at 673 (citing *McLennan*, 245 F.3d at 424).

It is self-evident that the United States and its citizens have a greater interest in the infringement of United States patents. *See Halo*, 816 F.3d at 1371 ("Territoriality is always of concern in intellectual property disputes. It cannot be assumed that a foreign court would adjudicate an intellectual property dispute where the alleged infringement occurred elsewhere, and the case otherwise has little or no connection to the chosen forum."). In addition, it is more consistent with the American patent regime for United States patents to be litigated in United States courts. *See Voda v. Cordis Corp.*, 476 F.3d 887, 903 (Fed. Cir. 2007) ("Foreign courts exercising

jurisdiction over claims based on U.S. patents would destroy Congress's intent to foster uniformity and to preclude forum shopping.").

*    *    *

For all of these reasons—the lack of availability and adequacy of China as a forum to litigate Surron's rights in its U.S. patents, and the weight of the private- and public-interest factors—Defendants' motion to dismiss on *forum non conveniens* grounds should be denied.

### B.    International Abstention

Defendants further argue that, under the doctrine of international abstention, the Court should dismiss this case because parallel proceedings are pending in China. Dkt. 57, at 11. In evaluating a motion to dismiss on international-abstention grounds, courts consider (1) the similarity of parties and issues, (2) promotion of judicial efficiency, (3) adequacy of relief in the alternative forum, (4) considerations of fairness and prejudice to parties, and (5) the temporal sequence of filing. *Anderson-Tully*, 2007 WL 2872413, at *6 (citing *Caspian Invs., Ltd.*, 770 F. Supp. at 884.

Defendants point to only one case in which any court in the Fifth Circuit has granted a motion to dismiss on international-abstention grounds. *Anderson-Tully*, 2007 WL 2872413, at *7; *compare Rocha v. Metro. Life Ins. Co.*, No. 5-CV-60, 2006 WL 8434205, at *5 (W.D. Tex. Mar. 8, 2006) (denying defendants' motion to stay pending litigation in Mexico); *Perforaciones Exploracion y Produccion v. Maritimas Mexicanas, S.A. de C.V.*, 356 F. App'x 675, 680-81 (5th Cir. 2009) (affirming the district court's denial of the motion to dismiss on international-comity grounds);

14

*IntelliGender, LLC v. Soriano*, No. 2:10-CV-125, 2011 WL 903342, at *8-9 (E.D. Tex. Mar. 15, 2011) (denying defendants' request to abstain on grounds of comity).[3]

Applying the factors, Defendants have not met their heavy burden to show this Court should abstain from exercising jurisdiction. *See Colorado River*, 424 U.S. at 813 (holding that abstention is an "extraordinary and narrow" exception to District Courts' duty to adjudicate controversies properly before them). With respect to similarity of the parties, Defendants cannot show that Talaria and Tanli are identical. *See* Dkt. 57, at 2 n.1 (stating only that two of Talaria's shareholders own 37% of Tanli). While Surron and Tanli are parties to the litigation in China, Talaria is not, and Defendants cannot show that Talaria could be joined. *See supra* Part III.A.1. While disputed by the parties, it is unclear that the subject matter of the Chinese patent is the same as the American patent and, therefore, that the issues in the cases are the same. *See* Dkt. 64, at 7. Further, as explained above, Defendants cannot show that it would be more efficient to litigate in China given that the alleged infringement occurred only in the United States. *See supra* Part III.A.3.

With respect to adequacy of relief in China and fairness to the parties, it is unclear that Chinese courts would or could hear a case involving an American patent.

---

[3] In *Anderson-Tully*, an Italian distributor sued Anderson-Tully, a Mississippi lumber company, for breach of contract in Italy. 2007 WL 2872413, at *1. After Anderson-Tully reorganized to create the subsidiary ATCO Lumber, ATCO sued the distributor in Mississippi. *Id.* The distributor removed the case to federal court and filed a motion to dismiss based in part on international abstention, which the Court granted. *Id.* at *1, *7. The Fifth Circuit affirmed, stating only that the District Court "did not clearly abuse its discretion in finding that … international comity favored dismissal." *Anderson-Tully*, 306 F. App'x at 858-59.

*See supra* Part III.A.2. If this Court were to dismiss this case, Surron may not have a remedy in China. *Id.* For these reasons, Defendants' motion should be denied.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Dismiss, Dkt. 57.

**IT IS FURTHER ORDERED** that this case is **REMOVED** from the docket of the undersigned and **RETURNED** to the docket of the Honorable District Judge.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 19, 2024.


_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE